Rel: May 2, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2024-2025

_____

### SC-2024-0592
_____

**David Vanconant**

**v.**

**Riverworks Design Studio, LLC, Rusty Alexander, and Lisa Alexander**

**Appeal from Colbert Circuit Court**
**(CV-21-900015)**

SELLERS, Justice.

AFFIRMED.  NO OPINION.

See Rule 53(a)(1) and (a)(2)(A), Ala. R. App. P.

Stewart, C.J., and Shaw, Wise, Bryan, Mendheim, Cook, and McCool, JJ., concur.

Mitchell, J., concurs in part and dissents in part.

MITCHELL, Justice (concurring in part and dissenting in part).

David Vanconant hired Riverworks Design Studio, LLC ("Riverworks"), to help him renovate and add on to his home in Muscle Shoals. After the project was finished, Vanconant sued Riverworks and its owners, Rusty Alexander and Lisa Alexander, in the Colbert Circuit Court, asserting breach-of-contract and negligence claims for Riverworks' alleged substandard work. The case proceeded to trial, and, at the close of Vanconant's case-in-chief, the trial court entered judgment as a matter of law for the defendants on Vanconant's claims related to his roof. Vanconant's other claims were submitted to the jury, which returned a verdict in favor of the defendants. The trial court then entered judgment on the jury's verdict, and Vanconant appealed.

This Court now affirms that judgment. I concur to the extent we are affirming the judgment entered on the claims submitted to the jury. But to the extent we are affirming the judgment entered on Vanconant's roof-related claims, I dissent.

At trial, Vanconant presented substantial evidence indicating that Riverworks was responsible for the design and construction of the

defective roof installed on the new addition to his home. That evidence included:

(1) the "Scope of Work Agreement" executed by the parties providing that Riverworks was responsible for "[d]esigning [the] exterior and interior of home including doors, windows, <u>roof + tie-in</u>, exterior paint and materials" (emphasis added) and "[o]verseeing framing and <u>roof work</u> on addition" (emphasis added);

(2) the invoices created by Riverworks showing that it billed Vanconant for work related to the roof; and

(3) the testimony of Rusty Alexander, indicating that he drew a picture of a roof truss for the contractor building the roof, that he referred Vanconant to a company he used when purchasing roof trusses, that he ordered the crane needed to install the roof trusses, that he was on the roof when they were installing the roof decking, and that Lisa Alexander acted as the general contractor or project manager for some parts of the work on Vanconant's home.

Despite this evidence, the trial court entered judgment as a matter of law in favor of the defendants on Vanconant's roof-related claims, which prevented the jury from considering them. I believe this was error.

Under Rule 50(a)(1), Ala. R. Civ. P., a trial court should enter judgment as a matter of law against a plaintiff who has rested his case only if "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." In making that determination, the trial court must view the evidence in the light most favorable to the

4

nonmovant and entertain such reasonable inferences as the jury would be free to draw. City of Birmingham v. Major, 9 So. 3d 470, 476 (Ala. 2008). As noted above, Vanconant produced evidence at trial indicating that Riverworks was responsible for designing the roof and overseeing the roof work and that Riverworks, in fact, billed him for work related to the roof. Moreover, a jury could have reasonably concluded from Rusty Alexander's testimony that Riverworks had some actual involvement in the design and construction of the roof.[1] Under these circumstances, I believe it was error for the trial court not to submit Vanconant's breach-of-contract and negligence claims related to the roof to the jury. I would therefore reverse that part of the judgment and remand the case for a new trial.

---

[1]To be sure, evidence was also presented at trial indicating that Riverworks was not responsible for the roof. But that evidence is irrelevant to the inquiry here -- whether Vanconant submitted substantial evidence to support his claims. See City of Birmingham, 9 So. 3d at 476 (explaining that "'the ultimate question is whether the nonmovant has presented sufficient evidence to allow the case to be submitted to the jury for a factual resolution'" (citation omitted)). Any weighing of the evidence presented at trial was for the jury. See T&J White, LLC v. Williams, 375 So. 2d 1225, 1230 (Ala. 2022) ("'"[C]redibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge ...."'" (citations omitted)).